IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAUL JOSEPH BRUNO,

    Plaintiff,

vs.                              Case No. 4:12cv44-SPM/CAS

WILLIAM JONES, and
C.E. RICHARDSON,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Service of the pro se Plaintiff's amended civil rights complaint, doc. 7, was directed in May 2012. Doc. 11. Defendants were served, docs. 14-15, and filed a motion to dismiss. Doc. 18. Defendants seek dismissal for Plaintiff's failure to disclose his prior litigation and because Plaintiff did not exhaust administrative remedies. *Id.* Plaintiff was directed to file a response in opposition to the motion, doc. 19, and his response was filed on September 17, 2012. Doc. 23. The motion is ready for a ruling.

**Motion to Dismiss, doc. 18**

    Defendants filed a motion for sanctions and dismissal based on "Plaintiff's failure to properly disclose his prior federal lawsuits in his Amended Complaint . . . ." Doc. 18

at 4.  Defendants note that Plaintiff listed seven criminal cases, but failed to list five federal civil rights cases and three habeas petitions.  *Id.* at 5-6.  Further, Defendants assert that Plaintiff also failed to disclose that he previously had a federal case dismissed as frivolous, malicious, failing to state a claim, or prior to service.  *Id.* at 6.

Defendants also seek dismissal of this action because they contend that although Plaintiff did file formal grievances concerning his claim of staff abuse, he did not file any grievance appeals.  *Id.* at 7-11.  Defendants contend that while Plaintiff did file a grievance appeal concerning his medical issues, that appeal was filed after this case was initiated.  *Id.* at 9-11.

**Plaintiff's Response, doc. 25**

Plaintiff "concurs that he failed to disclose some of his prior federal lawsuits in his **amended** complaint; however," Plaintiff appears[1] to state that he mentioned those cases in his initial complaint.  Doc. 25 at 2-3.  Plaintiff states it was an "honest mistake" in failing to list the cases again in the amended complaint.  *Id.* at 4.  Plaintiff reports that the cases were dismissed years ago and he lacked sufficient storage space to keep them.  *Id.* at 3.

As to the issue of exhaustion, Plaintiff contends that he did submit grievances and appeals on the issue of his medical care.  *Id.* at 6.  Plaintiff also argues that he did not appeal grievance 1111-103-045 because by the time Plaintiff received it, his time for submitting an appeal had ended.  *Id.*  Plaintiff also notes that he did not need to appeal grievance 1112-103-105 because his grievance was approved.  *Id.* at 6-7.  Plaintiff

---

[1] While the hand-writing of the response is very clear, Plaintiff's response is not. Plaintiff does not provide straight-forward responses as to the argument that he failed to disclose his prior cases.

Case No. 4:12cv44-SPM/CAS

concedes, however, that he did not file any grievances concerning the assault by Defendant Jones. *Id.* at 6. Plaintiff contends that he alerted Department of Corrections through his medical grievances and by making calls to a TIPS line, and sending letters to the Jefferson County Sheriff's Office and State Attorney's Office. *Id.* Plaintiff says that he did not pursue grievances about the assault due to fear of retaliation based on Plaintiff's "knowledge of J.C.I.'s extensive history of unprovoked officer-on-inmate assaults," and having been threatened by Sgt. Hall. *Id.* at 8-10. Plaintiff asserts that fear of retaliation "is the sole reason why [Plaintiff]] did not file grievances: it was bad enough knowing that Defendant Jones was out to get him; how much worse would it be if Jones's work-buddies found out . . . ." *Id.* at 9.

**Analysis**

In Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), the court stated that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.") The court concluded that a strike may also be imposed when a prisoner fails to truthfully and/or completely disclose prior lawsuits. Rivera, 144 F.3d at 731. Abuse of the judicial process, whether or not characterized by a court as "frivolous" or "malicious" is a strike for in forma pauperis purposes under 28 U.S.C. § 1915(g). *Id.* Additionally, it matters not that the case was dismissed "without prejudice." *Id.*

In Plaintiff's initial complaint, doc. 1, Plaintiff listed his prior state court cases: 99-CF-991, 1D02-2498, 1D03-2609, 1D06-1326, 1D10-2863, 1D11-2259, and SC11-1726. Plaintiff concluded the listing of cases by stating, "Over the years, tho, I have had a few mandami (mandamuses?) in 'outside court' pertaining to 'bogus' disciplinary reports,

and I've filed two 42 U.S.C. § 1983's concerning my serious medical need of a 'no shave' pass." Doc. 1 at 9-10.  Plaintiff said he had never had any cases "dismissed for being frivolous, malicious, failing to state a claim, or prior to service, they have all been dismissed for stupid stuff on MY behalf - time-barred; filing the wrong motion at the wrong time; etc." *Id.* at 10.

In Plaintiff's amended complaint, he again reported that he had never had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service.  Doc. 7 at 4.  As will be discussed below, that statement is not correct. Again, Plaintiff provided information on his state court cases, but did not list any of his federal cases in the amended complaint.  Doc. 7.

Plaintiff initiated a § 2254 habeas petition on May 21, 2010, which was opened first in the Pensacola Division of this Court as case 3:10-cv-00161, but then was transferred to the Tallahassee Division on July 2, 2010, and was opened as case 4:10-cv-00277.[2]  Although these were habeas corpus petitions, Plaintiff should have disclosed them in answering Question C of the complaint form.

Plaintiff did not mention any of his federal civil rights cases in the amended complaint, although as noted above, Plaintiff said he had filed two such cases in the initial complaint.  That statement is not entirely accurate either.

Approximately six years ago, Plaintiff initiated case 1:06-cv-21905 in the Southern District of Florida on July 31, 2006.  It was transferred to the Middle District of

---

[2] That case was ultimately dismissed with prejudice as untimely on September 13, 2011.  Docs. 20-21 of that case.  Considering the dismissal was just four months prior to Plaintiff's having initiated this case, it is not reasonable for Plaintiff to have "forgotten" about it.  Plaintiff claims "the even the most recent of these cases was dismissed **years** ago," doc. 23 at 3 (emphasis in original), but that is not correct.

Florida on August 21, 2006, and opened as case 2:06-cv-00432 on August 24, 2006. Plaintiff litigated that case for nearly two years, but lost on summary judgment in June 2008. That case should have been disclosed. Although it is understandable that Plaintiff may not have understood the obligation to report 1:06-cv-21905 in light of the transfer, he should have reported case 2:06-cv-00432. He is now on notice of the need to report both cases.

Plaintiff also brought case[3] 2:09-cv-00218 in the Middle District, filing it on April 6, 2009, but it was immediately closed on April 15, 2009, and Plaintiff was instructed that he must "initiate an action by filing a Complaint, not a motion." Doc. 5 of that case. Due to the very short length of time this case was open, it is understandable that Plaintiff may not have understood the need to report it, but he now knows.

Plaintiff next initiated case 2:09-cv-00312 in the Middle District on May 18, 2009. It was dismissed without prejudice by the court sua sponte on December 7, 2009, for "failure to state a claim." Doc. 10, p. 4 of that case (*see* doc. 18, Ex. A). Not only should this case have been reported, but it directly contradicts Plaintiff's earlier assertion that he had "never" had a case dismissed for failure to state a claim. This case was dismissed just three years earlier and that is not so long ago that Plaintiff should reasonably have failed to account for it, especially considering the lengthy

---

[3] Plaintiff also filed a document in the Middle District requesting an enlargement of time in which "to file a 42 U.S.C. § 1983 civil rights complaint." That motion was opened as a miscellaneous case, number 2:09-mc-00010, on April 6, 2009, and an order was entered on April 9, 2009, directing the clerk to assign a civil case number and close the miscellaneous case. This case is noted, but will not be counted against Plaintiff.

Case No. 4:12cv44-SPM/CAS

descriptions Plaintiff provides of his state criminal proceedings from 2002.  *See* doc. 7 at 5.

Plaintiff initiated another civil rights action in the Southern District of Florida on November 3, 2005, case 2:05-cv-14331.  Summary judgment was granted in favor of Defendants in December of 2006, and Plaintiff filed an appeal with the Eleventh Circuit, but ultimately voluntarily dismissed that appeal.

Plaintiff also initiated another § 2254 habeas petition in this Court on March 22, 2012, case 3:12-cv-131.  Because the case was initiated after the amended complaint was filed in this case, it need not have been disclosed.  In the future, however, Plaintiff must list this case.

In short, there were several cases that Plaintiff failed to report and, in particular, Plaintiff failed to acknowledge a sua sponte dismissal for failure to state a claim and several other dismissals prior to service.  Plaintiff was not truthful in listing his prior cases.  Plaintiff is not excused from disclosing cases in an amended complaint based on having made a disclosure in the original complaint, as Plaintiff suggests he did.  However, review of the initial complaint reveals that Plaintiff did not fully and completely make such a disclosure.  Plaintiff only acknowledged two cases, which was not correct.  He failed to identify the cases, and he failed to honestly admit that one case was dismissed for failure to state a claim.  Such vague responses cannot be permitted.

A federal court has inherent power to control the judicial proceedings and the conduct of the parties involved.  In Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991), the Supreme Court acknowledged that " 'certain implied powers must necessarily result to our Courts of justice from the nature of their

institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.' " Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* United States v. Hudson, 11 U.S. (7 Cranch) 32, 34, 3 L. Ed. 259, 260 (1812); *see also* Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980).  These inherent powers are necessary for "courts to manage their own affairs" and "achieve the orderly and expeditious disposition of cases." Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962).

   The Supreme Court included within its listing of inherent powers of courts the ability to set aside fraudulently obtained judgments. Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250 (1944).  This power is necessary to protect the "integrity of the courts, for 'tampering with the administration of justice in [this] manner ... involves far more than an injury to a single litigant.  It is a wrong against the institutions set up to protect and safeguard the public.' " Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Hazel-Atlas, 322 U.S. at 246, 64 S. Ct. at 1001.  The Court also stated that "a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud." Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S. Ct. 1176, 1179, 90 L. Ed. 1447 (1946).

   This Court does take, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially

when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  Moreover, in the wake of 28 U.S.C. § 1915(g)[4], the Court must investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The task falling upon this Court to investigate the prior filings of complaints is unfortunately necessary in light of the number of inmates who file multiple lawsuits and fail to inform the Court of on-going or previously dismissed lawsuits.  As noted by Magistrate Judge Timothy in <u>Hinson v. Escambia County Sheriff's Dept.</u>, 2009 WL 1606517, at * 2 (N.D. Fla. June 8, 2009), information supplied by prisoners in Section IV of the complaint form is useful in several ways.  Beyond considering whether a prisoner is barred by the "three strikes" provision (28 U.S.C. § 1915(g)), it aids the Court in determining "whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action."   "Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action."  <u>Hinson</u>, 2009 WL 1606517, at * 2.

Plaintiff misrepresented his prior litigation history to this Court.  If Plaintiff suffered no penalty for untruthful responses on the complaint form, "there would be little or no disincentive for his attempt to evade or undermine the purpose of the form."  <u>Hinson</u>, 2009 WL 1606517, at * 2.  "Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court

---

[4] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

might be confronted with widespread abuse from its many prisoner litigants." *Id.* Plaintiff may not generally list prior cases, he must specifically identify them. Plaintiff must also honestly disclose all prior dismissals under 28 U.S.C. § 1915(e). This case, if the report and recommendation is adopted, will count as Plaintiff's second such dismissal.

Relying upon the Supreme Court's guidance in <u>Chambers</u>, this Court acknowledges that a court's inherent power must be exercised with "restraint and discretion." <u>Chambers</u>, 501 U.S. at 44; *see* <u>Roadway Express</u>, 447 U.S. at 764, 100 S. Ct. at 2463. This Court has the "ability to fashion an appropriate sanction for conduct which abuses the judicial process." <u>Chambers</u>, 501 U.S. at 44-45. Recognizing that outright dismissal of a lawsuit is a particularly severe sanction, <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980), this Court nevertheless appreciates the fact that in the case of pro se litigants who have been granted in forma pauperis status, the imposition of monetary sanctions will often have little or no impact. Therefore, because Plaintiff did not honestly disclose his prior cases, it is recommended that this case be dismissed as abuse of the judicial process.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 18, be **GRANTED** and this case be **DISMISSED** as a sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and responses on the complaint form. It is further **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the

Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on October 16, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**